A08A1379. DOUGHERTY v. THE STATE.

(664 SE2d 258)

ANDREWS, Judge.

Preston Wayne Dougherty was found guilty by a jury of deposit account fraud under OCGA § 16-9-20 for delivering a bad check on a bank account containing insufficient funds. We find no merit to Dougherty's contention that the evidence was insufficient to support the guilty verdict, and affirm.

The State presented evidence that Dougherty, who did business as Pit Stop Pizza, wrote a check on a bank account to Bari Italian Foods (Bari), a wholesale food distributor, in exchange for food products. Dougherty delivered the check to Bari in the amount of $2,283.46 when the food was delivered. Bari presented the check to the bank for payment, and, about 12 days after the date on which Dougherty delivered the check, the bank returned the check dishonored for insufficient funds. Pursuant to OCGA § 16-9-20 (a) (2) and within 90 days of the dishonor, Bari sent a certified mailing addressed to Dougherty at the Pit Stop Pizza address printed on the check notifying him that the check was dishonored. The return receipt sent to Bari on the certified mailing showed that the notice was returned undelivered to Dougherty. See OCGA § 16-9-20 (a) (3). A Bari representative testified that Dougherty never paid Bari the amount due on the check.

Dougherty testified and admitted that he wrote the check to Bari in exchange for the food delivery. Although Dougherty denied receiving the certified mail notice sent by Bari, he admitted that, within about a week after he delivered the check, Bari notified him that the check had been dishonored by the bank. Dougherty's defense was that he subsequently reached an agreement with Bari to pay the amount due on the check; that he commenced payments to Bari under this agreement; and that Bari later forgave the remaining

amount due on the check in exchange for his agreement to forgive damage to his business caused by a Bari employee. A Bari representative denied that there were any such agreements.

There is no merit to Dougherty's claim that the evidence was insufficient because the State failed to show pursuant to OCGA § 16-9-20 (e) (2) that the Bari representative receiving the check witnessed Dougherty's signature on the check and then initialed the check. These provisions in subsection (e) (2) are not essential elements of the offense which the State must prove, but set forth means to establish a statutory presumption with respect to the identity of the party who issued the check and the party's authority to draw on the named account. *Hall v. State*, 244 Ga. 86, 90-91 (259 SE2d 41) (1979). In the present case, other evidence established that Dougherty issued the check on his business account, so the State did not rely on the statutory presumption.

The evidence was sufficient for the jury to find beyond a reasonable doubt that Dougherty committed the offense of deposit account fraud by delivering a check for the payment of money on a bank to another party in exchange for present consideration knowing when he delivered the check that it would be dishonored by the bank. OCGA § 16-9-20 (a); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Ruffin, P. J., and Bernes, J., concur.*

DECIDED JUNE 24, 2008.

*Daniel D. Morgan*, for appellant.
*Leigh E. Patterson, District Attorney, Suhirjahaan S. Morehead, Assistant District Attorney*, for appellee.